IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

AISE CANNON,

    Plaintiff,

v.

    Case No. 3:07CV900-WKW

    JURY DEMAND

LANSING BUILDING PRODUCTS, Inc.,

    Defendant,

COMPLAINT

NOW COMES Aise Cannon, by and through her attorney, Deborah M. Nickson, and states and alleges as follows:

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 [ 42 U.S.C. §§ 2000e et seq.] for relief based on an unlawful employment practice by Defendant. Jurisdiction of this court is invoked pursuant to § 706(f) of Title VII [ 42 U.S.C. § 20003-5(f)].

2. The unlawful employment practice alleged in this complaint was committed in the Eastern Division of the United States District Court for the Middle District of the State of Alabama.

3. Plaintiff is an African-American female who at the time of the unlawful practice was residing at in the City of Opelika, County of Lee, State of Alabama.

4. Defendant, Lansing Building Products, Incorporated is a business corporation and does business in the City of Opelika, County of Lee, State of Alabama

5. Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C. §§ 2000e-5. Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the unlawful employment practice

were complied with under 42 U.S.C. § 2000e-5(c),(e)); Notice of a Right to Sue was received on July 11, 2007; this complaint was filed within 90 days of receipt of the Notice. (See Ex.A)

6. Plaintiff was employed by Defendant until June 6, 2006 as Warehouse Manager/Inside sales whose primary responsibility was to enhance branch customer service through timely and accurate inventory management. The Warehouse Manager has ultimate responsibility for supervising warehouse personnel. The warehouse manager has other responsibilities as assigned by the Branch Operation Manager.

7. Plaintiff as part of her job duties as Warehouse Manager was the supervisor of two employees one of whom was African-American and the other Caucasian.

8. Plaintiff during her tenure as Warehouse Manager was not allowed to give instructions to the Caucasian who was under supervision while no such restrictions was imposed on Caucasian Warehouse Managers.

9. In May 2005, plaintiff was denied promotion to the position of Branch Operation Manager with said position being filled by a male Caucasian.

10. The denial of promotion was based solely upon the race of plaintiff, as no other justifiable factor exists as to the failure to promote plaintiff.

11. On May 31, 2005, plaintiff complained to Cindy Williams who was employed in the Human Resources Office concerning the denial of the promotion.

12. In the months ensuing since plaintiff complained about the denial of the promotion she was subjected retaliation in the form of reprimands, threats, and disciplinary actions designed to harass and intimidate her which culminated on June 6, 2006 Plaintiff was discharged from employment with Defendant.

13  As a result of Defendant's unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff therefore is entitled to such affirmative relief as may be appropriate under 42 U.S.C. § 2000e-5(g).

WHEREFORE, Plaintiff prays for an order as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For reinstatement to the position Plaintiff held with Defendant at the time of discharge or for front pay to compensate for the lost employment opportunity.

3. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

Dated:

_____
DEBORAH M. NICKSON (NIC025)
2820 FAIRLANE DRIVE, SUITE A-10
MONTGOMERY, ALABAMA 36116
334-213-1233

Jury Demand

Plaintiff demand trial by Jury.

_____
DEBORAH M. NICKSON (NIC025)

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Asie Cannon**<br>P. O. Box 1831<br>Opelika, AL 36803 | From: **Birmingham District Office**<br>Ridge Park Place<br>1130 22nd Street, South, Suite 2000<br>Birmingham, AL 35205-1130 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420 2006 04087** | **Devoralyn McGhee** | **(205) 212-2070** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Delner Franklin-Thomas*        **10 JUL 2007**

Delner Franklin-Thomas, District Director     *(Date Mailed)*

Enclosure(s)

cc:    Maurice L. Stock, VP, HR

EX A

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000672
Cashier ID: kalandra
Transaction Date: 10/05/2007
Payer Name: DEBORAH M NICKSON
------------------------------------
CIVIL FILING FEE
 For: DEBORAH M NICKSON
 Case/Party: D-ALM-3-07-CV-000900-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 7220
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

AISE CANNON V. LANSING BUILDING
PRODUCTS, INC.

3:07-CV-000900-001
```