# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

AISE CANNON,

    Plaintiff,

v.

    Case No. 3:07CV900-WKW

JURY DEMAND

LANSING BUILDING PRODUCTS, Inc.,

    Defendant,

## COMPLAINT

NOW COMES Aise Cannon, by and through her attorney, Deborah M. Nickson, and states and alleges as follows:

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 [ 42 U.S.C. §§ 2000e et seq.] for relief based on an unlawful employment practice by Defendant. Jurisdiction of this court is invoked pursuant to § 706(f) of Title VII [ 42 U.S.C. § 20003-5(f)].

2. The unlawful employment practice alleged in this complaint was committed in the Eastern Division of the United States District Court for the Middle District of the State of Alabama.

3. Plaintiff is an African-American female who at the time of the unlawful practice was residing at in the City of Opelika, County of Lee, State of Alabama.

4. Defendant, Lansing Building Products, Incorporated is a business corporation and does business in the City of Opelika, County of Lee, State of Alabama

5. Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C. §§ 2000e-5. Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the unlawful employment practice

were complied with under 42 U.S.C. § 2000e-5(c),(e)); Notice of a Right to Sue was received on July 11, 2007; this complaint was filed within 90 days of receipt of the Notice. (See Ex.A)

6. Plaintiff was employed by Defendant until June 6, 2006 as Warehouse Manager/Inside sales whose primary responsibility was to enhance branch customer service through timely and accurate inventory management. The Warehouse Manager has ultimate responsibility for supervising warehouse personnel. The warehouse manager has other responsibilities as assigned by the Branch Operation Manager.

7. Plaintiff as part of her job duties as Warehouse Manager was the supervisor of two employees one of whom was African-American and the other Caucasian.

8. Plaintiff during her tenure as Warehouse Manager was not allowed to give instructions to the Caucasian who was under supervision while no such restrictions was imposed on Caucasian Warehouse Managers.

9. In May 2005, plaintiff was denied promotion to the position of Branch Operation Manager with said position being filled by a male Caucasian.

10. The denial of promotion was based solely upon the race of plaintiff, as no other justifiable factor exists as to the failure to promote plaintiff.

11. On May 31, 2005, plaintiff complained to Cindy Williams who was employed in the Human Resources Office concerning the denial of the promotion.

12. In the months ensuing since plaintiff complained about the denial of the promotion she was subjected retaliation in the form of reprimands, threats, and disciplinary actions designed to harass and intimidate her which culminated on June 6, 2006 Plaintiff was discharged from employment with Defendant.

13 As a result of Defendant's unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff therefore is entitled to such affirmative relief as may be appropriate under 42 U.S.C. § 2000e-5(g).

WHEREFORE, Plaintiff prays for an order as follows:

1. For back pay and damages for Plaintiff's loss of the earnings and benefits of the employment relationship.

2. For reinstatement to the position Plaintiff held with Defendant at the time of discharge or for front pay to compensate for the lost employment opportunity.

3. For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

Dated:

*/s/ Deborah M. N.*
DEBORAH M. NICKSON (NIC025)
2820 FAIRLANE DRIVE, SUITE A-10
MONTGOMERY, ALABAMA 36116
334-213-1233

Jury Demand

Plaintiff demand trial by Jury.

*/s/ Deborah M. N.*
DEBORAH M. NICKSON (NIC025)