IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AISE CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CV 07-900-WKW |
| | ) |
| LANSING BUILDING PRODUCTS, Inc., | ) |
| | ) |
| Defendant, | ) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW Plaintiff, Aise Cannon against the defendant and show unto the Court as follows:

A defaulting party may move the Court to set aside a clerical default and even a default judgment under Rule 55(c), F.R.Civ.P. The Eleventh Circuit has established that the party seeking relief must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *E.E.O.C. v. Mike Smith Pontiac CMC*, Inc., 896 F.2d 524, 528 (11th Cir.1990). To demonstrate a "good reason" the party must establish that it is entitled to relief because of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(l), F.R.Civ.P.

The instant matter is strikingly similar to the case of *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999), in which the defaulting defendants responded by moving the court to set aside a default judgment. The district court granted the Motion to Set Aside the Default Judgment. The Appeal Court noted in reversing the district court noted that, "The district court, in granting the defendants' motion to set aside the default and the

default judgment, provided no reason for granting the motion other than its belief that the case ought to be decided on the merits." Plaintiff submits that the defendant has not asserted a meritorious defense as it in paragraph 1 of the Motion to Set Aside Default only argues that the "allegedly lost back pay cannot be made certain", and in paragraph 2. Plaintiff further submits that defendant has not alleged anything that would support excusable neglect. In paragraph 3, the defendant states only that it "is prepared to go forward with the persecution and defense of the plaintiff's claim." Thus, a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so. *Id.*

Plaintiff is mindful that default judgments are disfavored in this Circuit, in that there is a strong policy in favor of giving defendants their day in court. In fact, Plaintiffs counsel decries "gotcha" litigation tactics. Nonetheless, counsel is bound to assert on his client's behalf that the defendant's application to set aside the default in this case should fail for lack of satisfaction of the elements it must establish in order to be entitled to vacation of the judgment.

WHEREFORE, the premises considered, Plaintiff prays that the Court will overrule and deny the defendant's motion to set aside and vacate the entry of default in this case. In the alternative, Plaintiff prays that the Court will award Plaintiff reasonable fees and costs incurred in obtaining and litigating this matter to date.

RESPECTFULLY SUBMITTED on this the 6th day of December, 2007.

/S/ Deborah M. Nickson
Deborah M. Nickson (NIC025)
Attorney for Plaintiff
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116
334-213-1233, 334 213-1234 facsimile
debnicks@bellsouth.net

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CERTIFICATE OF SERVICE

I, Deborah M. Nickson, do hereby Certify that a true and correct copy of the foregoing has been served on all counsel and parties of record, by electronically filing this document through the Middle District's electronic filing system which will send notification of such filing to the following on this 6th day of December 2007:

WILLIAM K. HANCOCK
ADAMS and REESE, LLP
Attorneys for Defendant
2100 3rd Avenue North, Suite 3100
Birmingham, Alabama 35203

/s/ Deborah M. Nickson
Deborah M. Nickson
OF COUNSEL