IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AISE CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CV 07-900-WKW |
| | ) |
| LANSING BUILDING PRODUCTS, Inc., | ) |
| | ) |
| Defendant, | ) |

**PLAINTIFF MOTION TO STRIKE ANSWER and RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AND SUPPLEMENT**

Comes now plaintiff and moves this Court to strike defendant's answer on the grounds that it is not timely and further that defendant has not shown good reason for failure to file a timely answer and support thereof states the following:

THE LEGAL STANDARD

The excusable neglect standard for setting aside a default judgment under Rule 60(b)(1) is stricter than the good cause standard for setting aside default under Rule 55(c). Okehi v. Security Bank, 199 F.R.D. 388 (M.D. Ga., 2001).

In the Eleventh Circuit, two factors must be present for the default judgment to be properly set aside: a meritorious defense, which could change the outcome of the case if proven, and good cause for failing to answer without prejudicing the opposing side. Hancock v. Hancock, 160 B.R. 677, 680 (M.D.Fla. 1993) citing McGrady v. D'Andrea Electric, 434 F.2d 1000 (5th Cir. 1970); Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499 (11th Cir. 1984).

## II. LANSING BUILDING PRODUCTS OFFERS NO GOOD REASON FOR THE LATE FILING

Where a party offers no good reason for the late filing of an answer, entry of default is appropriate, and it would be an abuse of discretion to set aside a default judgment where no good reason has' been offered for the default." Gower v. Knight, 833 F. 2d 1515 (11th Cir. 1987). Weingarten v. Campagna, 178 B.R. 283, 285 (1995).

In *National Railroad Passenger Corp. v. Patco Transport, Inc.*, 2005 WL 901902, (11th Cir., 2005), in which the employee who was usually in charge of the clerical handling of litigation had recently been deployed to Iraq and the new secretary mistakenly or inadvertently violated the defaulting company's procedures by creating a litigation file, and including the Complaint in that file rather than forwarding it on to the company's insurance company. Consequently, the defaulting party never answered the complaint because the "right people" never got the complaint. The district court entered a default judgment and refused to set it aside. In its appeal, the defaulting party asserted the defense of excusable neglect. The Court of Appeals disagreed, holding that the defaulting company did not have an adequate procedure for following up with its insurance company to inquire as to whether a complaint had been received and was being pursued.

Here, the defendant offers no good reason for failing to timely respond to the complaint. Per the affidavit of the General Counsel for defendant, he acknowledges receipt of the complaint and states that " I forwarded the complaint to claims counsel in Zurich North America using an e-mail address that I had successfully used to communicate with Zurich during the pendency of the plaintiff's EEOC investigation. Plaintiff encourages this Court to note that the Defendant offers no evidence that the e-mail was unsuccessful in its execution. In fact, it can be assumed that the e-mail was successfully transferred since there is no evidence to the contrary.

No specific factual details are provided as to why a timely response was not made. No affidavit attesting to the number of telephone calls between counsel or how the alleged break down in communications occurred. There is no supporting affidavit or evidence to show that the defendant's counsels' telephones were inoperable and malfunctioning. There is no supporting affidavit or evidence to show that there was a circumstance that would have prevented a timely response.

The default should not be set aside when the defendant offers no good reason for the late filing of the answer, irrespective of whether the failure to file the answer was willful or not.

*III. DEFENDANT HAS NOT SHOWN A MERITORIOUS DEFENSE*

The Equal Employment Opportunity Commission provides by rule that: "A charge shall be in writing and signed and shall be verified." 29CFR1601.9

As to the content of the charge the commission further provides by rule, 29CFR1601.12 that:

"a) Each charge should contain the following:

(1) The full name, address and telephone number of the person making the charge except as provided in Sec. 1601.7;

(2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See Sec. 1601.15(b);

(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred."

Defendant relies on a letter dated April 30, 2007 and supporting document for it "defense" to the complaint. In the letter, defendant makes a vague statement there are 'witnesses to most of the events that Ms. Cannon addresses in her statement" and "We do not believe that Ms. Cannon's complaint was filed within the required time period." Defendant further states in the letter that the "June 12th 2007 to the Equal Employment Opportunity Commission did not constitute a charge of discrimination. As stated above, a meritorious defense, is one which could change the outcome of the case if proven, . . . Hancock v. Hancock, 160 B.R. 677, 680 (M.D.Fla. 1993) . Defendant has not shown in its argument that can prove the limitation issue and offer no support other than the " "EEOC position statement". This lack of detail is, in our view, fatal to the Motion to Set Aside. Further, the EEOC allowed the complainant to move forward.

It is clear from the defendant's response that they have inroads to witnesses concerning this case because the witnesses are employees or former employees. Additionally, the defendant states that some witnesses are customers. It would appear that defendant has influence over crucial witnesses and apparently spent the time between being served and finally response solidifying that response.

RESPECTFULLY SUBMITTED on this the 12th day of December, 2007.

/s/ Deborah M. Nickson
Deborah M. Nickson (NIC025)
Attorney for Plaintiff
2820 Fairlane Drive, Ste. A-10
Montgomery, Alabama 36116
334-213-1233, 334 213-1234 facsimile
debnicks@bellsouth.net

CERTIFICATE OF SERVICE

I, Deborah M. Nickson, do hereby certify that a true and correct copy of the foregoing Motion to Strike and Response has been served on all counsel of record this the 12th day of December, 2007, by electronically filing this document through the Middle District's electronic filing system which will send notification of such filing to the following:

WILLIAM K. HANCOCK
ADAMS and REESE, LLP
Attorneys for Defendant
2100 3rd Avenue North, Suite 3100
Birmingham, Alabama 35203

/s/ Deborah M. Nickson
OF COUNSEL