IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AISE CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cv-900-WKW |
| | ) | [wo] |
| LANSING BUILDING | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the defendant's Motion to Set Aside Default (Doc. # 8), defendant's Motion for Leave to File and to Supplement, (Doc. # 15), defendant's Supplement to Motion to Set Aside Default (Doc. # 16), and plaintiff's First Motion to Strike Answer (Doc. # 17). For the reasons set forth below, the Motion for Leave to File and to Supplement, Motion to Set Aside Default, and Supplement to Motion to Set Aside Default are due to be GRANTED. Plaintiff's Motion to Strike Answer is due to be DENIED.

## I.   BACKGROUND AND PROCEDURAL HISTORY

This employment discrimination case, which is brought under Title VII of the Civil Rights of Act of 1964, 42 U.S.C. § 2000e, *et seq.*, was filed on October 5, 2004. (Compl.) Plaintiff Aise Cannon ("Cannon") alleges that Lansing denied her a promotion based on her race and retaliated against her, culminating in her discharge from employment.

Cannon filed her complaint on October 5, 2007, and Lansing was served with a summons and the complaint on October 10, 2007. Lansing's answer was due on October 30,

2007.  Because Lansing did not file a timely answer, Cannon applied to the clerk for entry of default (Doc. # 4), which was granted on November 29, 2007.  On December 4, 2007, Lansing filed a notice of appearance, an answer, and a Motion to Set Aside Default (Doc. # 8).  On December 6, 2007, Cannon filed a response to the defendant's motion in which she argued that the defendant had not met the burden required to set aside an entry of default.  On the same day, Lansing filed a Motion for Leave to File and to Supplement (Doc. # 15) in which it asked the court to accept its previously filed answer out of time and requested additional time to supplement its motion to set aside default.  On December 10, 2007, Lansing filed its Supplement to Motion to Set Aside Default (Doc. # 16), which explained in more detail why the default should be set aside.  On December 12, 2007, Cannon filed a response to Lansing's supplement and moved  the court to strike Lansing's answer.  (Doc. # 17.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause."  Fed.R.Civ.P. 55(c).  The decision to set aside an entry of default is within the discretion of the court.  *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984).  Defaults are not generally favored and doubts should be resolved in favor of permitting a hearing on the merits.  *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984).

The good cause standard to be applied in setting aside an entry of default under Fed.

R. Civ. P. 55(c) is more liberal than, and should not be confused with, the standard set out in Fed. R. Civ. P. 60(b) for setting aside a default judgment.  In setting aside a default judgment, the courts apply an "excusable neglect" standard, which is more rigorous than the "good cause" standard that is utilized in setting aside an entry of default.  *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

The plaintiff contends the court should use the excusable neglect standard here.  The clerk's office entered a default against Lansing on November 29, 2007, but there is not a default judgment against Lansing.  Accordingly, good cause is the proper standard.

In applying the good cause standard, the Eleventh Circuit has recognized that while good cause "is not susceptible to a precise formula" there are several suggested factors for courts to use.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996).  These factors include "whether the defendant was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Id.*  In addition, courts can consider whether the defaulting party acted quickly to correct the entry of default.  *Id.*

Lansing acted quickly to correct the entry of default as it filed its motion to set aside less than one week after the clerk entered default.  Default was entered on November 29, 2007, and  Lansing filed its motion to set aside default on December 4, 2007.

Lansing's default is not culpable or willful here.  Lansing's general counsel received the summons and complaint on October 10, 2007 and forwarded the complaint to Lansing's

insurance company the next day.  (White Decl. 1.)  The general counsel forwarded the complaint to an e-mail address for the insurer with which he had successfully corresponded during the EEOC investigation of the plaintiff's complaint.  (*Id.*)  Because Lansing forwarded the complaint to its insurer in a timely manner and the insurer failed to take the proper action, Lansing's actions were not willful or culpable.  *Cf. Jones*, 858 F.2d at 668 (finding district court did not abuse its discretion by setting aside default when defendant gave complaint to her father to forward to insurance company and he failed to do so)*; Gibson v. Vincent*, No. 06-388, 2007 WL 1576344, at *2 (N.D. Fla. May 30, 2007) (finding party had not acted willfully or culpably under the good cause standard when it forwarded complaint to its insurance administrator who failed to send complaint to counsel).

There would be a low degree of prejudice to the plaintiff in setting aside the default. This case is still in an early stage - discovery has not begun and there is no scheduling order in place.  *See Hinson v. Webster Indus.*, 240 F.R.D. 687, 693 (M.D. Ala. 2007) (finding plaintiff was not prejudice by setting aside default when discovery had not begun and there was no scheduling order in place).  Cannon argues that she will be prejudiced because Lansing has used the extra time to engage in discovery and contact witnesses.  However, the facts do not support this assertion because the evidence to which Cannon refers, which Lansing included with its supplement (Def.'s Supp. Mot. Set Aside Default Ex.), was collected during the EEOC investigation - prior to Cannon filing her complaint.  The court concludes there will be a low degree of prejudice to Cannon in setting aside the entry of

4

default.

Finally, the defendant must show that it has a meritorious defense.  Requiring a meritorious defense ensures that allowing the case to go forward "will not be futile."  *Id.* Lansing has asserted a statute of limitations defense, among others, and the court finds that Lansing has a meritorious defense.

In consideration of the foregoing and the strong preference for decisions on the merits, the court concludes that Lansing has shown good cause as to why the entry of default should be set aside.  Lansing's motion to set aside is due to be granted.

### III.  CONCLUSION

Accordingly, it is ORDERED that:

1.  Defendant's Motion for Leave to File and To Supplement (Doc. # 15) is GRANTED.

2.  Defendant's Motion to Set Aside Default (Doc. # 8) and Supplement to Motion to Set Aside Default (Doc. # 16) are GRANTED.

3.  The Default entered by the Clerk of the Court against the Defendant is hereby SET ASIDE.

4.  Plaintiff's Motion to Strike Answer (Doc. # 17) is DENIED.

DONE this 21st day of December, 2007 .

        /s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE