IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| AISE CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: CV-07-900-WKW |
| ) | |
| LANSING BUILDING PRODUCTS, INC. ) | |
| ) | |
| Defendant. ) | |

### BRIEF IN SUPPORT OF LANSING BUILDING PRODUCTS' MOTION FOR SUMMMARY JUDGMENT

I.   Introduction.

Aise Cannon claims in her Title VII retaliatory discharge Complaint that Lansing Building Products, Inc. fired her in June 2006 because she complained in May 2005 that she did not receive a promotion. More than 180 days after she was fired, Cannon filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Curiously, Cannon does not allege that she was fired in retaliation for the 2005 Complaint. Even more curiously, the allegations brought in her untimely EEOC Charge are not contained in her judicial complaint. Because an EEOC charge must be timely filed to confer upon this court jurisdiction to hear the claim, and because her Charge was not timely filed, Lansing is entitled to summary judgment.

Even if her Charge had been timely filed, Lansing would be entitled to summary judgment because when Cannon complained about the promotion in 2005, she did not oppose conduct made unlawful by Title VII, there is no evidence that any decision-maker was aware that she had ever opposed conduct made unlawful by Title VII, and the passage of year between her promotion complaint and her discharge destroys any causal connection between the two events.

II.   Facts.

Lansing employed Cannon as a Warehouse Manager/Inside Sales during all relevant times. On Friday, June 2, 2006, Lansing suspended Cannon and instructed her not to come to work on Monday morning, June 5. (Cannon dep., p. 10). Cannon returned to work on June 5 anyway and was terminated for, among other reasons, insubordination. (Cannon dep., Ex. 1, pp. 8-11). Cannon does not know of any Lansing employee who was ever suspended, instructed not to come back to work, came back to work anyway, and was not terminated." (Cannon dep., p. 11).

On June 12, Cannon sent a rambling letter to Lansing's president, Chris Lansing, in which she alludes to Title VII protections afforded employees. (Cannon dep., Ex. 4). Chris Lansing responded to Cannon's letter on July 7, 2006. (Cannon dep., Ex. 5). On July 25, 2006,

Cannon sent a letter to the EEOC's intake office in Birmingham, Alabama. (Cannon dep., Ex. 6). Cannon admits that she was not asking the EEOC to take action in her July 25 letter to the EEOC.

Approximately one year prior to her termination for direct insubordination, Cannon complained to Cindy Williams in Lansing's Richmond, Virginia human resources department that she had been passed over for a promotion. (Tr., pp. 14-20; Ex. 3). Cannon did not complain that she felt she was passed over due to unlawful discriminatory reasons. Rather, she felt that she should have received a promotion based on her understanding of a policy Lansing had to promote from within. Id.

On January 7, 2007, Cannon executed a Charge of Discrimination which was subsequently filed with the EEOC. (Cannon dep., Ex. 7). According to Cannon's testimony, it was at this point, on January 7, 2007, that she first asked the EEOC to take action on her behalf. (Cannon dep., pp. 32-34).

The EEOC Charge notes that Cannon's discrimination claim was based on race, sex, and retaliation and that the earliest date the discrimination took place was on June 6, 2006. In her EEOC Charge, Cannon alleged without actually saying that she was terminated in retaliation for complaining of disparate treatment during the June 2, 2005 meeting. She

makes no allegation that she was retaliated against for complaining about the 2005 promotion that she did not receive.

In stark contrast to Cannon's EEOC Charge, the complaint she filed with this Court on October 5, 2007 does not contain a claim that she was terminated in retaliation for any objection she raised on July 2, 2005. The sole basis of her Complaint is that "in May 2005, Plaintiff was denied promotion. On May 31, 2005, Plaintiff complained to Cindy Williams ... concerning the denial of the promotion. In the months ensuing since Plaintiff complained about the denial of the promotion, she was subjected [sic] retaliation ... which culminated on June 6, 2006 [sic] Plaintiff was discharged from employment with Defendant." (Complaint, paras. 9-12).

In her Complaint, Cannon seeks back pay, reinstatement, and costs; she does not claim non-economic compensatory or punitive damages. (Complaint). At the time of her discharge on June 5, 2006, Cannon made about $28,000 per year and received employee benefits. In September 2006, she became employed by Ethan Allen making about $33,000 per year with employee benefits that are "probably about the same." (Cannon dep., pp. 6-7).

III.   Argument

A.   This Court Lacks Jurisdiction to Hear Cannon's Claim.

Title VII, the statute under which Cannon sues, requires as a jurisdictional condition precedent to the maintenance of a civil action, the filing of charge of discrimination with the EEOC. That charge must be filed within 180 days of the last discriminatory act on which the suit is based.

Although neither Title VII nor the regulations subsequently promulgated for its administration and enforcement define "charge," the regulations do describe the characteristics that must be present for a "charge" to have been made. See 29 C.F.R. § 1601.1 et seq. Lansing will not restate those regulations herein because the United States Supreme Court recently held that one characteristic must be present for a submission to constitute a charge.

In <u>Federal Express Corporation v. Holowecki</u>, 128 F. Ct. 1147 (2008), the Court analyzed the regulations and, deferring to the federal government's interpretation of its own regulations, held that "If a filing is to be deemed a charge, it must be reasonably construed as a <u>request</u> for the agency <u>to take</u> remedial <u>action</u> to protect the employee's rights or otherwise settle a dispute between the employer and the employee." <u>Id</u>. at 1158. Because Cannon first asked the EEOC to take action when she signed the Charge of Discrimination on January 1, 2007, more than 180 days after she was terminated, her charge was not timely filed.

In the absence of a timely filed charge, this court lacks jurisdiction to entertain Cannon's claim. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1332 (11th Cir.2000) citing 42 U.S.C. § 2000e-5. "The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action." Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir.2000).

    B.    <u>The Charge Cannon Filed is an Inadequate Predicate to the Claim Raised in Cannon's Complaint.</u>

EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.' " 29 C.F.R. § 1601.12(a)(3). The purpose of this requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts. Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1279 (11th Cir.2004) (citation omitted). A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n. 8 (11th

Cir., 1994). The Eleventh Circuit has held that "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." Id. at 1279-80 (citation omitted).

Cannon claims in her Complaint that her June 5 2006 discharge was in retaliation for complaining in May 2005 about not receiving a promotion. The Charge of Discrimination, filed more than 180 after she was fired, does not contain this allegation. Rather, she alleges in the Charge that she was terminated in retaliation for complaining about not "being allowed to supervise without interference and being respected as a manager." This allegation, though, does not appear in Cannon's complaint. In other words, the retaliation allegation in Cannon's judicial Complaint amounts to an allegation of a new act of discrimination. As noted above, this is inappropriate.

    C.    <u>Cannon Cannot, in Any Event, Make Out a Prima Facie Claim of Retaliation</u>.

Even if Cannon's Complaint contained a Title VII claim supported by a timely filed Charge of Discrimination, Lansing would still be entitled to summary judgment. Under Title VII, it is an unlawful for an employer to discriminate against an employee because she has opposed any unlawful employment practice. 42 U.S.C. § 2000e-3 (a). To establish a prima facie

showing of retaliation under Title VII, Cannon must prove: "(1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir.2000). To establish a causal connection, Cannon "must show that: (a) the decision-makers were aware of the protected conduct; and (b) the protected activity and the adverse employment action were not wholly unrelated." Id. at 590 (citations omitted). "Temporal proximity alone is insufficient to create a genuine issue of fact as to causal connection where there is unrebutted evidence that the decision-maker did not have knowledge that the employee engaged in protected conduct." Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir.2000) (citation omitted). The Eleventh Circuit has also held that "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." Thomas v. Cooper Lighting, Inc., 506 F.3d 1362 (11th Cir., 2007).

In order to be a statutorily protected expression, "the opposition must be directed at an unlawful employment practice of an employer. Little v. United Technologies, 103 F.3d 956, 959 (11th Cir.1997). A plaintiff must

not only show that she subjectively (that is, in good faith) believed that her employer engaged in unlawful employment practices but also that her belief was objectively reasonable in light of the facts and record presented. Id at 960. Under this analysis, it is presumed that the employee has substantive knowledge of the law. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1388 n. 2 (11th Cir.1998).

Cannon did not complain to Lansing's Human Resources department that she was passed over for promotion because of her race (or any other protected basis); she complained that she should have been promoted pursuant to Lansing's policy of promoting from within. Simply put, Cannon did not oppose conduct made unlawful by Title VII.

Lansing is entitled to summary judgment on Cannon's retaliation claim for many reasons. In addition to the fact that she did not file a timely Charge of Discrimination, Cannon did not in good faith (and with at least imputed knowledge of the law) oppose conduct made unlawful by Title VII. Moreover, she cannot show that the person who made the decision to terminate her employment had actual knowledge that she had opposed conduct made unlawful by Title VII. In any event, the passage of more than a year between the time she complained to the Human Resources department in May 2005 and her termination in June 2006 destroys any causation.

D.  Cannon Was Not Treated Differently.

Cannon does not allege in either her Charge or her Complaint that her termination amounted to disparate treatment discrimination, but given the broad, rambling, and inconsistent theories that she has expressed, Lansing will address this theory of unlawful conduct.

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where there is no direct evidence of discrimination, a plaintiff may prove discrimination through circumstantial evidence, using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case for disparate treatment, Cannon must show that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) Lansing treated similarly situated white employees more favorably; and (4) she was qualified to do the job." EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir.2000). If Cannon satisfies these elements, Lansing must provide a legitimate, nondiscriminatory reason for its action. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1323 (11th Cir.2006). If this burden is met, Cannon

must then prove that Lansing's reasons are a pretext for unlawful discrimination. Id.

Only the third element is at issue here. In order to determine whether other employees were similarly situated to Cannon, this court must evaluate "whether the [comparative] employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Id. (quoting Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir.1999)). The Eleventh Circuit has long held that for two employees to be properly compared for disparate treatment purposes, "the quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. (quotations omitted); see also Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1185 (11th Cir.1984).

Cannon testified in her deposition that she cannot identify any other Lansing employee who was suspended, instructed not to return to work, violated this directive, and was not fired. Thus, she cannot establish a prima facie case of disparate treatment discrimination.

E.   Cannon Cannot Prove Pretext.

Cannon admits that she was terminated for violating the clear direction not to return to work during her suspension. The cases that define

insubordination as a legitimate, nondiscriminatory reason for discharge are legion. Given that articulation, Cannon must offer evidence either that she did not violate the directive, which she clearly did, or that the articulated reason is false and that the real reason she was discharged was because she complained a year earlier about conduct made unlawful by Title VII and that the decision-maker was actually motivated by retaliatory animus. This she cannot do.

F.   Disparate Supervision.

Cannon's Complaint contains a claim that she was not allowed to give instructions to Caucasian subordinates. She fails to allege or show how this constitutes an adverse employment action. In any event, she failed to file a timely Charge of Discrimination. For reasons similar to those stated above, Lansing is entitled to summary judgment on this claim as well.

VI.  Conclusion.

This Court lacks jurisdiction to hear Cannon's Title VII retaliatory discharge claim because she failed to meet the jurisdictional prerequisites to the maintenance of this suit. Even if the Court had jurisdiction, Lansing would be entitled to summary judgment because there is no evidence that Cannon opposed conduct made unlawful by Title VII or that that there was a causal connection between protected opposition and her discharge.

/s/ William K. Hancock
William K. Hancock
Attorneys for Lansing Building Products

OF COUNSEL:

ADAMS AND REESE LLP
2100 3rd Avenue North
Suite 1100
Birmingham, AL 35203
Telephone: (205) 250-5000
Facsimile: (205) 250-5034

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 30th day of June, 2008, served a true and correct copy of the above and foregoing document on all counsel and parties of record, by electronically filing this document through the Middle District's electronic filing system which will send notification of such filing to the following:

Deborah M. Nickson
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

/s/ William K. Hancock
OF COUNSEL

742901-1                                13