IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AISE CANNON,

    Plaintiff,

v.                                    CV-07-900-WKW

LANSING BUILDING PRODUCTS, INC,

    Defendant.

## MOTION TO COMPEL

Plaintiff, Aise Cannon by and through her attorney hereby moves this Court to compel Defendant's, Lansing Building Products, Inc, to supplement its responses to plaintiff's discovery requests in accordance with Federal Rule of Civil Procedure 37. As grounds therefore, plaintiff states that defendant's responses are incomplete and inadequate in that they do not address the individual interrogatories and the specific request for production of documents propounded to defendants. Further because of inadequate discovery responses plaintiff is unable to response to the Motion for Summary filed by defendant and hereby request this Court to set the deadline for such response after the issues raised in this Motion is resolved. In support of its motion, plaintiff states as follows:

1. Defendant served Plaintiff with a document entitled "OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS" purporting to be a response to Plaintiff PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS." (attached hereto as Exhibit "A" and Exhibit "B"), As stated above defendant's response in Exhibit A is inadequate and incomplete. Plaintiff notified

defendant of the inadequacy of their responses by letter. (Attached, Exhibit "C"). Defendant has not amended or supplemented its response to address the deficiencies noted in Exhibit C.

2. The undersigned counsel certifies that she has attempted in good faith to confer with defendant's counsel to obtain the discovery sought in this motion without Court action. See Exhibit C. In addition to this letter, Plaintiff's counsel has only filed this Motion after receiving no response to the letter. Defendants still did not supplement their responses after the letter leaving Plaintiff with no choice but to file the present motion.

3. The deficiencies in defendant's discovery responses, and the supplementation required to cure the deficiencies, are explained in detail in the following section:

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS AND INSTRUCTIONS

The following definitions apply to and are incorporated by reference as to each interrogatory and the request for production of documents below:

A. " Defendant," " means and refers to Lansing Building Products, Inc, and any of its predecessors in interest, officers, directors, employees, consultants, attorneys, agents, and any other persons acting or purporting to act on behalf of the defendant.

b. "You," and "your" means and refers collectively to the defendant and defendant's predecessors in interest (if any), officers, directors, employees, consultants, attorneys, agents, and any other persons acting or purporting to act on behalf of the defendant.

### INTERROGATORIES

COMES NOW Plaintiff, Aise Cannon by and through her attorney and, propounds the following interrogatories upon Defendant, Lansing Building Products, Inc.

1. State the name, address and title of each and every person who assisted in answering these interrogatories.

*Defendant did not respond to this interrogatory.*

2. Please give the name and address of the person or person(s) responsible for promotions of employees at Lansing Building Products, Inc. in Opelika, Alabama?

*Defendant did not make a specific response to this interrogatory.*

3. What qualifications did your company require for the position of Branch Operations Manager during at the time that Plaintiff was employed by your company?

*Defendant did not make a specific response to this interrogatory.*

4. When was Chris Black the employee who allegedly discriminated against the plaintiff hired?

*Defendant did not make a specific response to this interrogatory.*

3. Has Chris Black been employed with you continuously since that date? If not, when did he leave his employment with you and cite the reason(s) why he left.

*Defendant did not respond to this interrogatory.*

4. Since Chris Black's hiring have or did you received complaints of any nature about this employee?

*Defendant did not respond to this interrogatory.*

5. Since Chris Black's hiring have you reprimanded the employee in any way?

*Defendant did not respond to this interrogatory.*

6. Please produce copies of all reprimands given to Chris Black.

*Defendant did not respond to this interrogatory.*

7. Were Chris Black's references interviewed prior to his hiring?

    a. If so, what were the results?

    b If so, did the pre-hire investigation reveal any reason to believe or suspect that the employee might discriminate based on sex or race?

*Defendant did not respond to this interrogatory.*

8. What procedures did you have in place governing the promotion and firing of employees?

    a. Are those procedures in written form? If so, please provide a copy of the same in addition to any adverse employment action procedures.

*Defendant did not respond to this interrogatory.*

9. Describe in detail the circumstances that gave rise to the adverse employment action of which the plaintiff complains.

*Defendant did not respond to this interrogatory.*

10. Describe in detail the reason(s) for the adverse employment action of which the plaintiff complains.

*Defendant did not respond to this interrogatory*

11. State whether you or any of your employees has ever been a defendant in any other litigation involving allegations of employment discrimination.

*Defendant did not respond to this interrogatory*

    a. If so, indicate:

    b. Name of the plaintiff and all other defendants.

    c. Court where the case was filed and the docket number.

    d. Names of the attorneys.

e. Nature of the claims asserted against you.

f. Disposition of the claims against you.

12. Identify all persons (name, address, and telephone number) whom you believe have information pertinent to this litigation.

*Defendant did not respond to this interrogatory.*

13. Identify all expert witnesses whom you have consulted in connection with this litigation.

*Defendant did not respond to this interrogatory.*

14. Identify those expert witnesses expected to testify at trial and describe the substance of their expected testimony, and for each expert's qualifications, including education, training, and experience, for offering his or her expert testimony.

16. Specify in chronological order the positions held by plaintiff while employed by you, and as to each position state:

*Defendant did not respond to this interrogatory.*

a. Plaintiff's job title.

b. Qualifications required for job

c. Duties of job.

d. Supervisor's name and job title.

e. Evaluations of plaintiff's job performance

f. Whether plaintiff received any disciplinary warnings, the dates of any such warnings, the name and title of each person who gave any such warnings, and the basis for the warnings.

g. Whether plaintiff received any commendations or performance awards, dates of such commendations or awards, name and title of each person who gave commendation or award, and reason for the commendation or award.

    h. Whether plaintiff was promoted, transferred, or demoted and basis for such action.

 17. Regarding plaintiff's last position with you, rate the satisfactoriness of plaintiff's job performance, and explain the basis for that evaluation.

 *Defendant did not respond to this interrogatory.*

 18. Has a minority ever held the position of Branch Operation Manager with your company at the Opelika location? If yes, Please give the name(s) and address(es) of all minority employees both present and past that you have promoted to Branch Operation Manager from the beginning of your business operations in Opelika, Alabama.

 *Defendant did not respond to this interrogatory.*

 19. Did Plaintiff Cannon complain about race discrimination during her employment with your company? If yes, give the specific dates, times, and details of discussion. Also include the names, addresses, and telephone numbers of the person(s) present during the meeting.

 *Defendant did not respond to this interrogatory.*

 20. Provide the names, addresses, and telephone numbers of all Caucasian employees employed in the department during the Plaintiff's employment as Warehouse Manager/Inside sales with Lansing Building Products, Inc..

 *Defendant did not respond to this interrogatory.*

 21. Are notices of vacant positions posted at the Opelika location for Lansing Building Products, Inc.? If yes, state where the notice is posted, length of time notice is required to remain posted, and procedure for any interested employee to respond.

 *Defendant did not respond to this interrogatory.*

 22. State the names, addresses, telephone numbers, race, and sex of each person that you hired as a Branch Operation Manager at your Opelika location within the last ten years. In addition, state whether each person was promoted from within the company or hired from outside the company.

 *Defendant did not respond to this interrogatory.*

 23. If you identified persons promoted from within the company to Branch Operation Manager's position in Interrogatory no. 22, please state the prior position that each person held prior to their promotion to the Branch Operation Manager's position.

*Defendant did not respond to this interrogatory.*

## REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS

COMES NOW Plaintiff, Aise Cannon by and through her attorney and requests production of the following documents by Defendant, Lansing Building Products, Inc.

24. All documents identified in your responses to the interrogatories above.

*Defendant did not make a specific response to this request.*

25. The plaintiff's personnel records compiled by you during her employment with you.

*Complied.*

26. The personnel records of Chris Black during his employment with you.

*Complied.*

27. The credential file (resume, references, publications, etc.) of the successful candidate for the position that the plaintiff sought but was denied.

*Defendant did not make a specific response to this request.*

28. Copies of any written policy statements by the Lansing Building Products, Inc. concerning employment discrimination.

*Complied.*

29. Provide a copy of the employee handbook applicable during the time in which Plaintiff was employed by your company.

*Complied.*

30. Provide a copy of the procedures which the company follow when posting positions that are vacant?
*Defendant did not make a specific response to this request.*

31. Provide a copy of the notice of vacancy of the branch operation manager position that became vacant in year 2005.

*Defendant did not make a specific response to this request.*

4. Even assuming that defendant' objection is not waived, they still lack merit. Defendant Lansing object that "the discovery requests were not served in such a manner that discovery could complied within the Court ordered deadline. " This objection appears unfounded as the information should be contained in business records that would be readily accessible to the Defendant. Additionally, the record in the Clerk's office does not reflect that defendant filed the objection with this Court. The Defendant did not note an objection until the expiration of 30 days. Therefore, defendant should be required to comply with the discovery request.

*Request for Attorney's Fees and Expenses*

5. Defendant's failure to properly and adequately respond to Plaintiff's discovery requests is not in accordance with Federal Rules of Civil Procedure, Rule 33 and Rule 34.

6. The Federal Rules of Civil Procedure grant wide latitude to a District Court when a party disobeys a discovery order. Rule 37(b)(2) lists numerous discretionary sanctions, and also provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2)(C).

7. In this case, the failure was not substantially justified and such an award would not be unjust. Defendant's responses were incomplete, evasive, and otherwise not fully responsive to Plaintiff's requests. In addition, the Defendant has not supplemented its responses in spite of the request from Plaintiff's counsel. Defendant should accordingly be required to pay Plaintiff's expenses related to this motion.

WHEREFORE, premises considered, Plaintiff requests that this Court enter an order as follows: 1) requiring Defendants to supplement their responses to Plaintiff's discovery requests within five days of the entry of the order, 2) awarding Plaintiff her reasonable expenses, including attorney's fees, associated with the filing of this Motion, and extend the time in which Plaintiff has to response to Defendant's Motion for Summary Judgment. .

Submitted this the 3rd day of July 2008.

/s/ Deborah M. Nickson
DEBORAH M. NICKSON (NIC025)
ATTORNEY FOR PLAINTIFF
2829 FAIRLANE DR SUITE A-10
MONTGOMERY, AL 36116
334-213-1233
Fax: 334-213-1234
Email:debnicks@bellsouth.net

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CERTIFICATE OF SERVICE

I, Deborah M. Nickson, do hereby certify that a true and correct copy of the foregoing Motion to Compel has been served on all counsel of record, by mailing a copy of the same in the U.S. Mail, envelope properly addressed and postage prepaid on this 3rd of July, 2008.

                                              Deborah M. Nickson
                                              Attorney for Plaintiff
                                              2820 Fairlane Dr. Ste A-10
                                              Montgomery, AL  36116
                                              334-213-1233

WILLIAM K. HANCOCK
ADAMS and REESE, LLP
Attorneys for Defendant
2100 3rd Avenue North, Suite 3100
Birmingham, Alabama 35203

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| AISE CANNON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: CV-07-900-WKW ) |
| LANSING BUILDING PRODUCTS, INC. | ) ) |
| Defendant. | ) |

## OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

The Uniform Scheduling Order that controls discovery in this lawsuit requires that "All discovery shall be completed on or before June 16, 2008." Plaintiff's Interrogatories and Request for Production of Documents was served, by mail, on May 20, 2008. Adding three days for mail service, the theoretical due date for the defendant's response to the aforementioned discovery would fall on Sunday, June 22, 2008, meaning that the theoretical due date would roll over to June 23, 2008. Therefore, the theoretical due date falls outside the Court's ordered discovery cutoff. In other words, the discovery requests were not served in such a manner that discovery could be completed within the Court's ordered deadline.

Notwithstanding the above objection, Lansing Building Products responds as follows:

742213-1



EXHIBIT
A

The plaintiff failed to file a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the allegedly wrongful denied promotion in May 2005. With the absence of a timely filed Charge of Discrimination, this Court lacks jurisdiction to entertain a claim under Title VII that the plaintiff was wrongly denied a promotion in May 2005. Therefore, any discovery requests related to that allegedly wrongful denial is not relevant to a matter that this Court can consider.

The plaintiff does not state a common-law negligent hiring claim with respect to Chris Black, and his employment history with the company is not relevant to any claim in the plaintiff's Complaint. Nonetheless, Mr. Black's employment file has already been produced to the plaintiff.

With respect to employment procedures, the Lansing Employment Handbook is attached to the plaintiff's deposition as an exhibit.

With respect to Interrogatory 10, the plaintiff's testimony reflects that she was terminated when, after being told not to report to work on June 5, 2006, she reported to work anyway.

With respect to inquiries into the plaintiff's pay rates and positions held, please see her personnel file, which has already been produced, and the plaintiff's own deposition testimony.

742213-1

_____
William K. Hancock
Attorneys for Lansing Building Products

OF COUNSEL:

ADAMS AND REESE LLP
2100 3rd Avenue North
Suite 1100
Birmingham, AL 35203
Telephone: (205) 250-5000
Facsimile: (205) 250-5034

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 20th day of June, 2008, served a true and correct copy of the above and foregoing document on all counsel and parties of record, by placing same in the U.S. Mail, postage pre-paid and properly addressed to:

Deborah M. Nickson
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

_____
OF COUNSEL

742213-1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AISE CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV 07-900-WKW |
| | ) |
| LANSING BUILDING PRODUCTS, Inc., | ) |
| Defendant, | ) |

**PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

DEFINITIONS AND INSTRUCTIONS

The following definitions apply to and are incorporated by reference as to each interrogatory and the request for production of documents below:

A. " Defendant," " means and refers to Lansing Building Products, Inc, and any of its predecessors in interest, officers, directors, employees, consultants, attorneys, agents, and any other persons acting or purporting to act on behalf of the defendant.

b. "You," and "your" means and refers collectively to the defendant and defendant's predecessors in interest (if any), officers, directors, employees, consultants, attorneys, agents, and any other persons acting or purporting to act on behalf of the defendant.

INTERROGATORIES

COMES NOW Plaintiff, Aise Cannon by and through her attorney and, propounds the following interrogatories upon Defendant, Lansing Building Products, Inc.

1. State the name, address and title of each and every person who assisted in answering these interrogatories.

EXHIBIT B

2. Please give the name and address of the person or person(s) responsible for promotions of employees at Lansing Building Products, Inc. in Opelika, Alabama?

3. What qualifications did your company require for the position of Branch Operations Manager during at the time that Plaintiff was employed by your company?

4. When was Chris Black the employee who allegedly discriminated against the plaintiff hired?

3. Has Chris Black been employed with you continuously since that date? If not, when did he leave his employment with you and cite the reason(s) why he left.

4. Since Chris Black's hiring have or did you received complaints of any nature about this employee?

5. Since Chris Black's hiring have you reprimanded the employee in any way?

6. Please produce copies of all reprimands given to Chris Black.

7. Were Chris Black's references interviewed prior to his hiring?

    a. If so, what were the results?

    b If so, did the pre-hire investigation reveal any reason to believe or suspect that the employee might discriminate based on sex or race?

8. What procedures did you have in place governing the promotion and firing of employees?

    a. Are those procedures in written form? If so, please provide a copy of the same in addition to any adverse employment action procedures.

9. Describe in detail the circumstances that gave rise to the adverse employment action of which the plaintiff complains.

10. Describe in detail the reason(s) for the adverse employment action of which the plaintiff complains.

11. State whether you or any of your employees has ever been a defendant in any other litigation involving allegations of employment discrimination.

      a. If so, indicate:

      b. Name of the plaintiff and all other defendants.

      c. Court where the case was filed and the docket number.

      d. Names of the attorneys.

      e. Nature of the claims asserted against you.

      f. Disposition of the claims against you.

12. Identify all persons (name, address, and telephone number) whom you believe have information pertinent to this litigation.

13. Identify all expert witnesses whom you have consulted in connection with this litigation

14. Identify those expert witnesses expected to testify at trial and describe the substance of their expected testimony, and for each expert's qualifications, including education, training, and experience, for offering his or her expert testimony.

16. Specify in chronological order the positions held by plaintiff while employed by you, and as to each position state:

      a. Plaintiff's job title.

      b. Qualifications required for job

      c. Duties of job.

      d. Supervisor's name and job title.

      e. Evaluations of plaintiff's job performance

      f. Whether plaintiff received any disciplinary warnings, the dates of any such warnings, the name and title of each person who gave any such warnings, and the basis for the warnings.

      g. Whether plaintiff received any commendations or performance awards, dates of such commendations or awards, name and title of each person who gave commendation or award, and reason for the commendation or award.

      h. Whether plaintiff was promoted, transferred, or demoted and basis for such action.

17. Regarding plaintiff's last position with you, rate the satisfactoriness of plaintiff's job performance, and explain the basis for that evaluation.

18. Has a minority ever held the position of Branch Operation Manager with your company at the Opelika location? If yes, Please give the name(s) and address(es) of all minority employees both present and past that you have promoted to Branch Operation Manager from the beginning of your business operations in Opelika, Alabama.

19. Did Plaintiff Cannon complain about race discrimination during her employment with your company? If yes, give the specific dates, times, and details of discussion. Also include the names, addresses, and telephone numbers of the person(s) present during the meeting.

20. Provide the names, addresses, and telephone numbers of all Caucasian employees employed in the department during the Plaintiff's employment as Warehouse Manager/Inside sales with Lansing Building Products, Inc..

21. Are notices of vacant positions posted at the Opelika location for Lansing Building Products, Inc.? If yes, state where the notice is posted, length of time notice is required to remain posted, and procedure for any interested employee to respond.

22. State the names, addresses, telephone numbers, race, and sex of each person that you hired as a Branch Operation Manager at your Opelika location within the last ten years. In addition, state whether each person was promoted from within the company or hired from outside the company.

23. If you identified persons promoted from within the company to Branch Operation Manager's position in Interrogatory no. 22, please state the prior position that each person held prior to their promotion to the Branch Operation Manager's position.

## REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS

COMES NOW Plaintiff, Aise Cannon by and through her attorney and requests production of the following documents by Defendant, Lansing Building Products, Inc.

24. All documents identified in your responses to the interrogatories above.

25. The plaintiff's personnel records compiled by you during her employment with you.

26. The personnel records of Chris Black during his employment with you.

27. The credential file (resume, references, publications, etc.) of the successful candidate for the position that the plaintiff sought but was denied.

28. Copies of any written policy statements by the Lansing Building Products, Inc. concerning employment discrimination.

29. Provide a copy of the employee handbook applicable during the time in which Plaintiff was employed by your company.

30. Provide a copy of the procedures which the company follow when posting positions that are vacant?

31. Provide a copy of the notice of vacancy of the branch operation manager position that became vacant in year 2005.

Respectfully submitted this the __20th__ day of May, 2008.

/s/ Deborah M. Nickson
Deborah M. Nickson
Attorney for Plaintiff

OF COUNSEL:
Deborah M. Nickson
2820 Fairlane Drive Suite A-10
Montgomery, AL 36116
334-213-1233

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing Interrogatories and Request for Production of documents on all counsel of record on this the 20th day of May, 2008 by placing a copy of the same in the U.S. Mail, envelope properly addressed, and postage prepaid.

                                                    Deborah M. Nickson
                                                    Attorney for Plaintiff

WILLIAM K. HANCOCK
ADAMS and REESE, LLP
Attorneys for Defendant
2100 3rd Avenue North, Suite 3100
Birmingham, Alabama 35203

 

# *Deborah M. Nickson*
Attorney at Law
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116
(334) 213-1233 • (334) 213-1234 fax

*" But let judgment run down as waters, and righteousness as a mighty stream"*
Amos 5:24

June 27, 2008

WILLIAM K. HANCOCK, Esquire
ADAMS and REESE, LLP
2100 3rd Avenue North, Suite 3100
Birmingham, Alabama 35203

Re: *CANNON V. LANSING BUILDING PRODUCTS, INC. CV-07-900-WKW*

Dear Mr. Hancock,

I pray that this letter finds you well. I am in receipt of your "Objection to Plaintiff's Interrogatories and Request for Production of Documents" you mailed to me. I have been checking the Court record for the filing of this said pleading but as of today's date, no filing is recorded. As a result, I am responding to you today.

I respectfully disagree with your position you stated. I ask that you comply with the Interrogatories and Request for Production of Documents that I sent you more than thirty days ago. It is clear from your response that the only information you refuse to provide are documents and answers that my client has a legal right of access.

This communication is written as a courtesy to you. If you fail to comply with the discovery request by Wednesday, July 2, 2008 I will file a Motion to Compel. Your immediate attention is appreciated.

Sincerely,

Deborah M. Nickson
Attorney At Law

