IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| AISE CANNON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANSING BUILDING PRODUCTS, INC. )<br>)<br>Defendant. ) | Civil Action No.: CV-07-900-WKW |

## REPLY BRIEF

### FACTS

1. <u>There is no dispute of fact with regard to the time that Aise Cannon first asked the EEOC to take action.</u>

In her deposition, Cannon testified that she filed her EEOC Charge on January 7, 2007, and that it was at this point that she asked "the EEOC to step in and take action." (Cannon dep., pp. 32-33). In an attempt to create a factual dispute on this important issue, Cannon points in her brief to excerpts in her deposition. Specifically, she points to page 30 to the following passage:

> Q: When you sent the letter to the EEOC in July of 2006, you weren't asking the EEOC to do anything yet, were you?
>
> A: Yes, I was. But as I said, we have to follow certain procedures.

757932-1

Cannon fails, however, to call the Court's attention to the question and answer that followed this passage. The testimony continues as follows:

> Q: Well, show me in the letter where you are asking the EEOC to take any action.
>
> A: Now, in this letter it is not directly asking for action taken.

2. <u>There is no dispute of fact of the earliest alleged discrimination took place on June 6, 2006.</u>

In Lansing's principal brief, Lansing points out to the Court that Cannon's own EEOC charge, with its sworn factual allegations, states that the earliest and latest that the alleged discrimination took place was June 6, 2006. In her summary judgment response brief, at paragraph 4 on page 3, Cannon states: "The plaintiff does not concur with the Defendant's Statement of Undisputed Facts contained in the fourth, fifth, and sixth paragraphs in the facts section of its brief. Rather, she complained because her purpose for filing the Charge of Discrimination with the EEOC was to address all discriminatory actions taken against her by the defendant." There is, however, no record citation or record evidence to support this assertion.

3. <u>There is no factual dispute concerning the scope of the plaintiff's Complaint.</u>

757932-1

Cannon's Complaint and her EEOC Charge both speak for themselves. There is no record citation or evidence to contradict or expand these documents. In her EEOC Charge, she alleges:

> I was terminated while in a meeting which included Chris Black, Branch Manager, Michael Haynes, Supervisor, Willie Flournoy and Derrick Ellis, both warehouse associates. I was verbally attacked by Chris Black, after I complained of disparate treatment as it related to being allowed to supervise without interference and being respected as a manager. I also complained that I was not allowed to supervisor my White Subordinate. Chris then stated that I could be replaced anytime and that as a matter of fact, I can just go find another job.

(Cannon dep., Ex. 7). These factual allegations are nowhere to be seen in Cannon's Complaint. Instead, Cannon complains that she was terminated in June of 2006 because she complained in May in 2005 about a promotion. She has never offered any evidence that she complained about race being a motivating factor in the promotion decision.

4. <u>There is no factual dispute that Cannon does not complain about the May 2005 promotion in either her EEOC charge or her Complaint.</u>

As noted above, Cannon's EEOC charge and her Complaint speak for themselves, and neither speaks to a failure-to-promote claim.

## ARGUMENT

I.  <u>Cannon did not timely file a Charge of Discrimination.</u>

757932-1

Cannon admits that she did not ask the EEOC to act in her July 2006 letter to the EEOC and that the first time she asked the EEOC to act when, more than 180 days after her termination, she filed her Charge of Discrimination. (Cannon dep., pp. 30-33; Exs. 6, 7). She also offers no evidence that the EEOC took any steps to act on her July 2006 letter.

Likewise, Cannon offers no response to Lansing's argument that, under Federal Express Corporation v. Holowecki, 28 S. Ct. 1147 (2008), this court lacks jurisdiction to entertain her Complaint other than to note that the EEOC did not dismiss her charge as untimely. She cites the Federal Register's provision that the EEOC's dismissal notice should include "The Commission's decision, determination, or dismissal, as appropriate." But the Federal Register does not provide that the EEOC's decisions or actions are self-proving, final, and binding. In other words, the EEOC's failure to dismiss Cannon's charge as untimely does not establish as a matter of fact that it was timely filed, and in any event she cites no legal authority for the implied proposition that Lansing cannot raise the issue in this court.

Plainly, Cannon's January 2007 filing was untimely. Even assuming that her July 2006 letter to the EEOC, which she concedes does not ask the EEOC to act, constituted a Charge of Discrimination, this court would still lack jurisdiction under Alexander v. Fulton County, Georgia, 207 F.3d 1303

757932-1

(11th Cir. 2000) and <u>Chanda v. Engelhard/ICC</u>, 234 F.3d 1219 (11th Cir. 2000). In that letter, she complains about the promotion she alleges she did not receive more than a year earlier, and she seems to complain about a racially hostile environment. She does complain about her June 2006 termination, and she does not bring a hostile environment claim in her Complaint (or argue such a claim in her brief). So, even if Cannon's July 2006 could be construed as a charge, Lansing would still be entitled to summary judgment[1].

    II.    <u>Cannon's Arguments Relating to Her "Prima Facie Claim of Retaliation" and Disparate Treatment Miss the Point</u>.

It appears that for the first time Cannon raises failure-to-promote as an independent claim. The promotion that she alleges she should have received occurred in May 2005. There is no dispute that Cannon did not file an EEOC charge within 180 of that event. To the extent her Complaint can be construed to include a failure-to-promote claim, Lansing is entitled to summary judgment because she failed to exhaust her administrative remedies.

    III.    <u>Cannon has not Established that her May 2005 Promotion Complaint and her June 2006 Termination are not Wholly Unrelated</u>.

---

[1] Cannon refers to 42 U.S.C. Section 1981 in the first paragraph of her summary judgment brief, but she did not invoke this court's jurisdiction in her Complaint.

757932-1

Cannon does not respond to Lansing's argument that she did not complain that she was denied the promotion due to her race. Indeed, her deposition testimony makes clear that when she complained she said "that it was [her] understanding that [she] would be promoted to the position and that [she] was overlooked for the position and someone else was hired in that position." She complained that she thought the promotion decision was "unfair" and "that [she] had been [at Lansing'] for seven months at the time. And . . . everyone within that branch had been promoted to the position above them once it became available. So, it was [her] understanding that [she] would be promoted also." (Cannon dep., pp. 17-18). This simply is not opposition to conduct made unlawful by Title VII. In the absence of such a complaint, she has not established the first element of a prima facie claim of retaliation and Lansing is entitled to summary judgment on Cannon's retaliation claim.

IV.   <u>Cannon has not Established a Comparitor.</u>

Cannon does not bring a disparate treatment discharge claim in her Complaint, but she seems to argue such a theory in her summary judgment brief: at least she sets out the prima facie elements and then seems to re-argue a non-existent failure-to-promote claim. In any event, the heart of a disparate treatment claim is evidence that someone other than the plaintiff,

757932-1

and outside the plaintiff's protected class, was treated differently. As shown in Lansing's principal brief, for a person to serve as a valuable comparator, "the quantity and quality of the comparator's misconduct [must] be nearly identical to prevent [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."  Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). Cannon simply ignores this legal requirement in her brief.

V.   Cannon has not established Pretext.

Cannon claims in her brief that she "Can Prove Pretext," but she does not do it. She claims that there is "a clear history of animus in the promotional process," but she offers no evidence of this "clear history." Even if there were such a history, such history would not constitute evidence of that Cannon's admitted insubordination was the efficient cause of her termination. Moreover, before she gets to the pretext point in the shifting burden analysis, she has to prove that the articulated reason for discharge, insubordination, is false. Because she admits that she was insubordinate, the analysis stops there.

## CONCLUSION

Cannon failed to timely file and Charge of Discrimination with the Equal Employment Opportunity Commission. To the extent she did timely

757932-1

file, she has failed to meet her burden of proof. In either event, or in both events, Lansing is entitled to summary judgment.

/s/ William K. Hancock
William K. Hancock
Attorney for Lansing Building Products

OF COUNSEL:

ADAMS AND REESE LLP
2100 3rd Avenue North
Suite 1100
Birmingham, AL 35203
Telephone: (205) 250-5000
Facsimile: (205) 250-5034

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 29th day of August, 2008, served a true and correct copy of the above and foregoing document on all counsel and parties of record, by electronically filing this document through the Middle District's electronic filing system which will send notification of such filing to the following:

Deborah M. Nickson
2820 Fairlane Drive, Suite A-10
Montgomery, AL 36116

/s/ William K. Hancock
OF COUNSEL

757932-1

757932-1